IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | § |
| | §  Chapter 11 |
| WORLDWIDE DIRECT, INC., *et al.,* | §  Case No. 99-00108-MFW through |
| | §  Case No. 99-00127-MFW |
| Debtors. | §   (Jointly Administered) |
| | § |
| | §  **Objection Deadline: November 2, 2001 @ 4:00 p.m** |
| | §  **Hearing Date: To Be Scheduled, requested on or** |
| | §  **before November 7, 2001 (Only If Necessary)** |

**MOTION OF THE LIQUIDATING TRUSTEE
FOR ORDER FURTHER EXTENDING THE HEARING DATE
AND OBJECTION AND REPLY DEADLINES
TO ALL FINAL FEE APPLICATIONS**

Goldin Associates, L.L.C., in its capacity as Liquidating Trustee (the "Liquidating Trustee") for the Worldwide Direct Liquidation Trust (the "Liquidating Trust") created in accordance with the Second Amended Consolidated Liquidating Chapter 11 Plan For SmarTalk TeleServices, Inc., And Affiliates, Proposed By The Debtors And By The Official Committee Of Unsecured Creditors (as subsequently confirmed and modified, the "Plan"), hereby moves this Court for entry of an order further extending the hearing date and corresponding objection and reply deadlines to all final fee applications.[2]  In support of the relief requested, the Liquidating Trustee would respectfully show as follows:

**Jurisdiction**

1.   This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M) and (O).

2.   The statutory predicates for the relief requested herein is section 105 of the Bankruptcy Code.

---

[2] Gibbons, Del Deo, Dolan, Griffinger & Vecchione, P.C. has been retained by the Liquidating Trustee to assist the Liquidating Trustee in its review of, and if necessary, objections to certain fee applications.  Shortly, the Liquidating Trustee will be submitting an application to the Court seeking approval of that retention.

DEL1: 37118-1

## Background

3.  On January 19, 1999 (the "Petition Date"), Worldwide Direct, Inc., SmarTalk TeleServices, Inc. ("SmarTalk") and SmarTalk's eighteen (18) direct and indirect subsidiaries (collectively, the "Debtors"), filed separate voluntary petitions seeking relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101, et seq.[3]

4.  On January 20, 1999, the Bankruptcy Court signed its Order directing the joint administration of the Debtors' cases under Case No. 99-108 (MFW).  On February 2, 1999, the Official Committee of Unsecured Creditors ("Committee") was constituted.

5.  On June 7, 2001, the Court entered its Findings of Fact, Conclusions of Law, and Order Confirming Second Amended Consolidated Liquidating Chapter 11 Plan for SmarTalk TeleServices, Inc., and Affiliates, Proposed by the Debtors and by the Official Committee of Unsecured Creditors (the "Confirmation Order").  Pursuant to the Confirmation Order, the Court confirmed the Plan as modified therein and, among other things: (i) approved the creation and transfer of the Remaining Assets to the Liquidating Trust; (ii) appointed Goldin Associates, L.L.C. and Harrison J. Goldin as the Liquidating Trustee; (iii) named the members of the Board;

---

[3] The subsidiaries are SmarTalk USPS Sales Co., a Delaware corporation; GTI TeleCom, Inc., a Florida corporation; USA Telecommunications Services, Inc., a North Carolina Corporation; SmarTel Communications, Inc., a Delaware corporation; SMTK NY-1 Corp., a New York corporation; Creative Network Marketing, Inc., a Delaware corporation; SmarTalk (Delaware) Corp., a Delaware corporation; SMTK Acquisition Corp., a Florida corporation; Conquest Telecommunication Services Corp., a Delaware corp.; SMTK Acquisition Corp. III, a Delaware corporation; SmarTalk Acquisition Corp., a Nevada corporation; Conquest Communications Corp., an Ohio corporation; Conquest Long Distance Corp., an Ohio corporation; Conquest Operator Services Corp., an Ohio corporation; SmarTel, Inc., a Massachusetts corporation; SmarTel International, Inc., a New York corporation; SmarTel Communications of Virginia, Inc., a Virginia corporation; and Conquest Operator Services, LP, a Delaware corporation.

and (iv) authorized the Liquidating Trustee to implement the provisions of the Liquidating Trust Agreement as set forth in the Plan upon the Effective Date.[4]

6.  All of the conditions precedent to the Effective Date of the Plan have occurred and the Effective Date of the Plan was established as June 30, 2001.  On July 3, 2001, the Liquidating Trustee served a Notice of Effective Date in accordance with the provisions of the Plan.

### Relief Requested and Basis for Relief

7.  Pursuant to the Confirmation Order, final fee applications were to be filed no later than August 14, 2001.  The Liquidating Trustee estimates that approximately up to twenty-two (22) final fee applications were filed representing fees of at least $20 million.

8.  The Liquidating Trustee began reviewing all of the final fee applications.  The Liquidating Trustee realized, however, that each final fee application cannot be reviewed in isolation.  Instead, the final fee applications must be reviewed in a consolidated process.  To accomplish this, the Liquidating Trustee has retained a fee auditor ("Fee Auditor") to review selected fee applications.  Additionally, the Fee Auditor is reviewing the fee applications and will be preparing reports.  These reports will assist the Liquidating Trustee and its counsel in reviewing and where appropriate, recommending reductions to the final fee applications.

9.  On October 5, 2001 the Liquidating Trustee filed the *Motion of the Liquidating Trustee For Order Setting the Objection Deadlines to All Final Fee Applications* (the "Dates Motion").  Immediately after a certification of no objection relating to the Dates Motion was filed, counsel for the Liquidating Trustee telephoned Chambers requesting a date for a hearing on the final fee applications.  The Court scheduled a hearing on the final fee applications for

---

[4] As provided in the Modification Order (defined herein), Goldin Associates, L.L.C. is now the sole Liquidating Trustee.

November 30, 2001, with objections due on November 7, 2001 and replies due on November 21, 2001. However, for the reasons set forth below, that time period is insufficient to address any disputed final fee applications.

10. Due in large part to the sheer volume, the Fee Auditor has not completed its audit and has not provided the Liquidating Trustee with even its initial reports. The Liquidating Trustee has recently engaged counsel to review and, if necessary, object to certain of the final fee applications. Counsel has entered into extensive discussions with the Fee Auditor with respect to, among other things, the estimated completion time and content of the Fee Auditor's reports. Counsel has been advised that the Fee Auditor expects to complete initial reports on the approximately four fee applications by November 9, 2001. The Fee Auditor has advised that the initial reports will identify areas requiring further documentation and review by both the Fee Auditor and counsel to the Liquidating Trustee.[5] Although it is contemplated that some of the professional firms will be able to adequately address the Liquidating Trustee's concerns by way of providing certain documentation or offering a sufficient explanation, the Liquidating Trustee submits that in order to insure compliance with the Rules of this Court and conduct a proper and thorough review of the more than $20 million in fees which are before it, ample time must be afforded.

11. Moreover, it is expected that the issues raised by the Fee Auditor as to certain fee applications will not be adequately addressed by informal communications between the parties. Rather, the Liquidating Trustee may need in certain instances to conduct plenary discovery, including conducting depositions and extensive document reviews in connection with its review

---

[5] For example, local practice requires that airline travel must be in coach class. Numerous entries in various fee applications do not distinguish how a person traveled. Accordingly, further documentation will be required in order for the Fee Auditor to insure compliance with the Local Rules.

of the final fee applications. That process cannot be accomplished within the present deadlines imposed by the Court.

12. Accordingly, the Liquidating Trustee requests that the Court establish December 1, 2001 as the deadline to file objections to the final fee applications, with replies due on December 8, 2001. The Liquidating Trustee also requests that the Court schedule hearings on uncontested fee applications only for December 13, 2001, a previously scheduled omnibus hearing date. To the extent that there are unresolved objections to fee applications, the Liquidating Trustee requests that the Court schedule hearings for those contested fee applications at a practicable time after the December 13, 2001 omnibus hearing, while affording sufficient time to permit the Liquidating Trustee to conduct discovery, without prejudice to the Liquidating Trustee's rights to seek a further extension if necessary.

### Notice

13. Notice of this Motion has been given to (i) the United States Trustee; (ii) all parties entitled to receive notice pursuant to the Second Amended Consolidated Liquidating Chapter 11 Plan for SmarTalk TeleServices, Inc. and Affiliates, Proposed by the Debtors and by the Official Committee of Unsecured Creditors; and (iii) all professionals required to file final fee applications in this case. The Liquidating Trustee has also given notice of its intent to file the Motion to all professionals by letter dated and mailed on October 25, 2001.

DEL1: 37118-1

WHEREFORE, the Liquidating Trustee requests entry of an order, substantially in the form attached hereto, and granting such other relief as the Court deems just and proper.

Dated: October 26, 2001

        KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS LLP


 /s/ Steven K. Kortanek
Steven K. Kortanek (#3106)
Stephanie A. Fox (#3165)
919 Market Street, Suite 1000
Wilmington, DE 19801
(302) 426-1189 Telephone
(302) 426-9193 Facsimile
skortanek@klehr.com
sfox@klehr.com

-and-

GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE
A Professional Corporation
One Riverfront Plaza
Newark, New Jersey 07102
(973) 596-4500 Telephone
(973) 639-6247 Facsimile
Paul R. DeFilippo
Elizabeth S. Kardos

Counsel for the Liquidating Trustee