# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | Chapter 11 |
| WORLDWIDE DIRECT, INC., et al., | Case Nos. 99-108 to -127 (MFW) |
| Debtors. | Jointly Administered |
| | **Request for telephonic status conference prior to May 16, 2002, hearing.** |

## MOTION REQUESTING TELEPHONIC STATUS CONFERENCE TO ESTABLISH PROCEDURES FOR THE MAY 16, 2002, HEARING REGARDING HENNIGAN, BENNETT & DORMAN'S FINAL FEE APPLICATION

Hennigan, Bennett & Dorman ("HBD") hereby requests that the Court conduct a telephonic status conference prior to the scheduled May 16, 2002, hearing on HBD's Final Fee Application to establish procedures for the hearing. Counsel for the party objecting to HBD's Final Fee Application, Goldin Associates, L.L.C. and Harrison J. Goldin as the Liquidating Trustee (the "Liquidating Trustee"), does not object to the requested pre-hearing status conference.

The hearing on HBD's Final Fee Application is currently scheduled for May 16, 2002, from 1:00 - 2:00 p.m. Because the Liquidating Trustee has filed numerous objections to HBD's Final Fee Application, HBD anticipates that, in order to respond to each objection raised by the Liquidating Trustee and unless otherwise directed by this Court, HBD will be forced to present several hours of

witness testimony and offer numerous documents into evidence. The one hour currently reserved for the hearing on May 16, 2002, is an insufficient amount of time to address all of the objections raised by the Liquidating Trustee.

Accordingly, in the interests of administrative efficiency and so that the parties will not needlessly require all of their witnesses to appear in Delaware on May 16, 2002, HBD requests that this court hold a brief status conference prior to May 16, 2002. The procedural issues to be resolved at the telephonic status conference include the following: (1) order of presentation of evidence; (2) identification and order of witnesses expected to testify; (3) estimation of time necessary to complete the hearing; and (4) reservation of additional time with the Court to conduct the remainder of the hearing.

In support of the relief requested, HBD respectfully represents as follows:

## I.    JURISDICTION

1.    This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157.

2.    The statutory basis for the relief requested herein is 11 U.S.C. § 105.

## II.    BACKGROUND

3.    On January 19, 1999, Worldwide Direct, Inc., SmarTalk TeleServices, Inc. and eighteen direct and indirect subsidiaries (the "Debtors") filed separate voluntary petitions seeking relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 et seq.

4.    This Court approved HBD's retention as the Debtors' counsel by an order entered on January 21, 1999. On June 7, 2001, the Court entered its Findings of Fact, Conclusions of Law, and Order Confirming Second Amended Consolidated Liquidating Chapter 11 Plan for SmarTalk TeleServices, Inc., and Affiliates, Proposed by the Debtors and by the Official Committee of Unsecured Creditors, pursuant to which the Court appointed the Liquidating Trustee.

5.    From the petition date through the effective date of the Plan on June 30, 2001, HBD played a major role in every development and accomplishment in the case, and on August 14, 2001, HBD filed its Final Fee Application.

159558\v2

-2-

6.     After obtaining several extensions, on December 3, 2001, the Liquidating Trustee filed an "Objection to the Final Fee Applications of Hennigan, Bennett & Dorman and Howrey & Simon for Compensation and Reimbursement of Expenses for the Pre-Effective Date Period" (the "Objection"). The Liquidating has resolved its dispute with Howrey & Simon. *See* Consent Order dated April 16, 2002 [Docket number 2707].

7.     HBD agreed to engage in discovery relating to HBD's Final Fee Application and also agreed that the Liquidating Trustee could file a Supplemental Objection to HBD's Final Fee Application after completion of discovery (the "Supplemental Objection").

8.     HBD and the Liquidating Trustee executed a Stipulated Order (and a subsequent Amended Stipulated Order) for briefing and discovery schedules relating to the Objection. Pursuant to the Amended Stipulated Order, the parties agreed to certain deadlines, including a hearing date of March 22, 2002. This Court ultimately scheduled the hearing date for May 16, 2002, rather than March 22, 2002.

9.     The parties have fully briefed their respective positions.

### III.     REQUESTED RELIEF AND BASIS FOR RELIEF

10.     HBD requests that this Court conduct a brief status conference prior to May 16, 2002, at a date and time that is convenient for the Court and counsel for the parties. The status conference is necessary so that the hearing itself will proceed efficiently and so that the parties will not needlessly require their witnesses to appear in Delaware on May 16, 2002.

11.     Counsel for the Liquidating Trustee does not oppose HBD's request for a pre-hearing status conference and has informed HBD that he is available to participate in a status conference on May 9, 2002. HBD is available for a status conference on May 9, 2002 after 1:30 p.m. (EST), and is also available on May 13, 2002, or May 14, 2002. HBD has not received confirmation from the Liquidating Trustee's counsel as to his availability on May 13, 2002, or May 14, 2002.

12.     The procedural issues to be resolved at the telephonic status conference include the following:  (1) order of presentation of evidence; (2) identification and order of witnesses expected

159558w2

-3-

to testify; (3) estimation of time necessary to complete the hearing; and (4) reservation of additional time with the Court to conduct the remainder of the hearing.

13.     It is necessary to establish procedures for the conduct of the May 16, 2002, hearing because only one hour has been reserved for the Liquidating Trustee's Objection to HBD's Final Fee Application. One hour is an insufficient amount of time for completion of the hearing because HBD's Final Fee application is hotly contested and the Liquidating Trustee has objected to a total of $2,729,337 of the final fees and expenses requested by HBD for its two-and-a-half years of service as counsel to the Debtors. This objection amounts to nearly forty percent (40%) of HBD's final fee and expense request, which itself reflects HBD's voluntary reduction of more than $750,000 in fees and expenses.

14.     The Liquidating Trustee's initial Objection incorporated by reference a "draft report" completed by a fee "auditor," Legal Cost Control ("LCC"). The draft report -- completed without any analysis by LCC or the Liquidating Trustee of the actual work performed by HBD -- criticizes 32 separate categories of fees and expenses. The Liquidating Trustee's Supplemental Objection additionally challenges broad categories of HBD's fees, including virtually all of the fees incurred during the Plan confirmation process and the fees relating to litigation matters (i.e., document productions, damage analyses, expert witness fees and the like).

15.     HBD filed a Reply to the Liquidating Trustee's Objection and Supplemental Objection, which fully sets forth HBD's position regarding its Final Fee Application and challenges the Liquidating Trustee's factual and legal bases for its objections (the "Reply"). *See* Reply of Hennigan, Bennett & Dorman to the Liquidating Trust's Objection to the Final Fee Application [Docket number 2661].

16.     In support of its Reply, HBD filed 5 declarations, 53 exhibits and numerous excerpts of deposition testimony given by the Liquidating Trustee's witnesses. *See* Declarations of James O. Johnston, Shawna L. Ballard, Linda A. Kontos, Thaddeus Bereday and Eugene I. Davis, Appendix of Exhibits attaching Exhibit 1 –53 and Appendix of Testimony attaching excerpts of deposition

testimony from John Marquess, Skyler Altland and David Pauker, filed in support of Reply [Docket numbers 2662-2666; 2669; and 2673].[1]

17.    Because of the Liquidating Trustee's broad objections, absent direction by the Court, HBD could be forced to put on several hours of testimony and introduce numerous documents to establish its entitlement to the fees sought in its Final Fee Application. The potential number of witnesses and documents that HBD may need to present in order to address each entry challenged by the Liquidating Trustee far exceeds the one hour allotted for the hearing.

## IV.    CONCLUSION

For the foregoing reasons, this Court should issue an order scheduling a status conference prior to the May 16, 2002, hearing, to establish procedures for the hearing.

Dated: May 6, 2002

HENNIGAN, BENNETT & DORMAN

James O. Johnston
Linda A. Kontos
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017
Telephone: (213) 694-1200
Telecopy: (213) 694-1234

---

[1]  Although HBD believes that it has fully addressed the Liquidating Trustee's objections through its Reply papers and supporting evidence, HBD is fully prepared to present evidence at the May 16, 2002, hearing. HBD will, of course, supplement its position through additional briefing or evidence, as the Court deems necessary and as contemplated by the procedures outlined by the Third Circuit in *In re Busy Beaver Building Centers, Inc.*, 19 F.3d 833, 853 (3d Cir. 1993). As noted in *In re Busy Beaver*, this Court is not required to "become enmeshed" in the minutiae of the Liquidating Trustee's objections, but may limit its inquiry to "reasonably discernible abuses:"

> [W]e do not intend that a district [or bankruptcy] court, in setting an attorney['s] fee, become enmeshed in a meticulous analysis of every detailed facet of professional representation. It . . . is not our intention that the inquiry into the adequacy of the fee assume massive proportions, perhaps even dwarfing the case in chief. . . . Because its time is precious, the reviewing court need only correct reasonably discernible abuses, not pin down to the nearest dollar the precise fee to which the professional is ideally entitled.

*Busy Beaver*, 19 F.3d at 844-845 (emphasis added) (quotations omitted).

159558\v2

# UNITED STATES BANKRUPTCY COURT

## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re | ) Docket No. |
| | ) |
| WORLDWIDE DIRECT, INC., et al., | ) (Concerning Subpoenas in |
| | ) Case No. 99-00108 (MFW) through |
| Debtors. | ) Case No. 99-00127 (MFW), United |
| | ) States Bankruptcy Court for the District |
| | ) of Delaware) |

## AFFIDAVIT OF SERVICE OF MOTION REQUESTING TELEPHONIC STATUS CONFERENCE TO ESTABLISH PROCEDURES FOR THE MAY 16, 2002, HEARING REGARDING HENNIGAN, BENNETT & DORMAN'S FINAL FEE APPLICATION

Sylvia Berson, being duly sworn according to the law, deposes and says that she is employed by the law firm of Hennigan, Bennett & Dorman, attorneys for debtors and debtors in possession, in the within captioned matter, and that on the 6th day of May, 2002, she caused a copy of the **Motion Requesting Telephonic Status Conference to Establish Procedures for the May 16, 2002, Hearing Regarding Hennigan, Bennett & Dorman's Final Fee Application** to be served on the interested parties in this action via facsimile and via Overnight Mail (Federal Express) by placing true copies thereof, enclosed in sealed envelopes addressed as follows:

### SEE ATTACHED SERVICE LIST

I declare that I am employed in an office of a member of the bar of this Court, at whose direction the within service was made. I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

EXECUTED on May 6, 2002, at Los Angeles, California.

_____
Sylvia Berson, Declarant

- 1 -

## SERVICE LIST

Paul DeFilippo, Esq.
GIBBONS, DEL DEO, DOLAN, GRIFFINGER &
VECCHIONE
One Riverfront Plaza
Newark, N.J. 07102-5496
**Facsimile: (973) 596-0545**

Steven K. Kortanek, Esq.
KLEHR, HARRISON, HARVEY, BRANZBURG &
ELLERS LLP
919 Market Street, Suite 1000
Wilmington, DE 19801-3062
**Facsimile: (302) 426-9193**

OFFICE OF THE UNITED STATES TRUSTEE
844 King Street, Suite 2313
Wilmington, DE 19801
**Facsimile: (302) 573-6497**