IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WORLDWIDE DIRECT, INC., ET AL., | ) | Case No. 99-00108 (MFW) |
| | ) | |
| Debtor. | ) | Jointly Administered |

**FIRST INTERIM POST-EFFECTIVE DATE APPLICATION OF GIBBONS, DEL DEO, DOLAN, GRIFFINGER & VECCHIONE, PC AS COUNSEL TO GOLDIN ASSOCIATES, L.L.C., LIQUIDATING TRUSTEE OF THE WORLDWIDE DIRECT LIQUIDATION TRUST FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM OCTOBER 27, 2001 TO JULY 31, 2002**

Name of Applicant: Gibbons, Del Deo, Dolan, Griffinger & Vecchione, PC

Authorized to Provide Professional Services to: Goldin Associates, L.L.C., Liquidating Trustee
of the Worldwide Direct Liquidation Trust

Date of Retention: October 27, 2001

Period for which compensation and reimbursement is sought: October 27, 2001 to July 31, 2002

Amount of Compensation sought as actual, reasonable and necessary: $185,261.00

Amount of Expense Reimbursement sought as actual, reasonable and necessary: $25,773.04
This is an interim application.

If this is not the first interim application filed, disclose the following for each prior application.

| Filed | Compensation Period | Fees Requested | 80% Amount Requested | Expenses Requested | 20% Holdback Amount |
|---|---|---|---|---|---|
| N/A | | | | | |

DEL1 39763v1

ATTACHMENT B TO FEE APPLICATION
PROFESSIONAL TIME SUMMARY

| NAME OF PROFESSIONAL PERSON | POSITION OF THE APPLICANT, NUMBER OF YEARS IN THAT POSITION, PRIOR RELEVANT EXPERIENCE, YEAR OF OBTAINING LICENSE TO PRACTICE, AREA OF EXPERTISE | HOURLY BILLING RATE (INCLUDING CHANGES) | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|
| Paul R. DeFilippo | Director, <20 years, 1978, Bankruptcy | $450.00 | 76.80 | $34,560.00 |
| Dale E. Barney | Counsel, <4 years, 1987, Bankruptcy Litigation | $275.00 | 60.35 | $16,596.25 |
| Elizabeth S. Kardos | Director,<4 yrs, 1992, Bankruptcy | $260.00 | 237.05 | $61,633.00 |
| Richard S. Zackin | Director, <20 years; 1978; Commercial Litigation/Employment Law | $270.00 | 3.30 | $891.00 |
| Korin A. Baum | Associate, <3 yrs, 1999 Commercial Litigation | $190.00 | 1.90 | $361.00 |
| Brendan P. Langendorfer | Associate, <3 years, 1998, Bankruptcy | $165.00 | 406.05 | $66,998.25 |
| Dominic F. Maisano | Associate, < 2 years, Bankruptcy | $165.00 | 3.30 | $544.50 |
| Octavia L. Frias | Paralegal; Bankruptcy | $105.00 | 3.10 | $325.50 |
| Michelle Reid | Paralegal; Bankruptcy | $90.00 - $105.00 | 11.30 | $1,098.00 |
| Edem Okon | Paralegal; Bankruptcy | $90.00 | 6.80 | $612.00 |
| Sid Walled | Paralegal; Bankruptcy | $80.00-$85.00 | 1.20 | $99.50 |
| Judy Lugo | File Clerk | $60.00 | 8.00 | $480.00 |
| Fotini Tomaras | File Clerk | $60.00 | 17.70 | $1,062.00 |
| **TOTALS** | | **Blended Rate:** $253.57 | **836.85** | **$185,261.00** |

DEL1 39763v1

## COMPENSATION BY PROJECT CATEGORY
### (ELEVENTH APPLICATION PERIOD)

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Telephone Calls | 93.80 | $21,556.50 |
| Correspondence/Memorandum Drafted | 51.00 | $10,012.50 |
| Correspondence Reviewed | 13.00 | $2,579.00 |
| Legal Research | 37.20 | $7,014.00 |
| Court Appearance | 8.90 | $1,567.50 |
| Preparation of Pleadings and Briefs | 199.90 | $39,375.50 |
| Internal Office Meetings with Staff | 13.90 | $3,256.00 |
| Internal Office Meetings Third Party Conference | 20.50 | $4,940.00 |
| Out of Office Meetings | 44.10 | $12,397.00 |
| Review of File | 21.00 | $4,944.50 |
| Travel Time | 52.55 | $13,652.50 |
| Review and Analyze docs, pleadings and transcripts | 224.30 | $55,807.50 |
| Preparation of transactional and misc. documents | 35.80 | $5,966.50 |
| Organize Files | 13.50 | $810.00 |
| Factual Investigation | .20 | $21.00 |
| Other Services | 4.70 | $673.50 |
| **Total:** | **836.85** | **$185,261.00** |

## EXPENSE SUMMARY

| Expenses Category | Total Expenses |
|---|---|
| Computerized Research (Pacer & Westlaw) | $1,078.00 |
| Court Reporter Services | $1,756.50 |
| Express Delivery | $2,121.45 |
| Filing & Miscellaneous Fees | $2,346.83 |
| Long Distance Telephone Charge | $17.28 |
| Meals | $242.55 |
| Messenger | $965.61 |
| Parking/Taxi | $241.00 |
| Photocopying | $9,396.69 |
| Telecopy | $490.00 |
| Transcripts | $489.80 |
| Travel (Airline Tickets, Hotel, Car Rental | $6,627.33 |
| **Total:** | **$25,773.04** |

DEL1 39763v1

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WORLDWIDE DIRECT, INC., ET AL., | ) | Case No. 99-00108 (MFW) |
| | ) | through 99-00127 (MFW) |
| Debtor. | ) | (Jointly Administered) |

**FIRST INTERIM POST-EFFECTIVE DATE APPLICATION OF GIBBONS,
DEL DEO, DOLAN, GRIFFINGER & VECCHIONE, PC AS COUNSEL
TO GOLDIN ASSOCIATES, L.L.C., LIQUIDATING TRUSTEE OF
THE WORLDWIDE DIRECT LIQUIDATION TRUST FOR ALLOWANCE OF
COMPENSATION AND FOR REIMBURSEMENT OF
EXPENSES FOR THE PERIOD FROM OCTOBER 27, 2001 TO JULY 31, 2002**

TO THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY COURT JUDGE:

Gibbons, Del Deo, Dolan, Griffinger & Vecchione, PC ("Gibbons Del Deo"), counsel to Goldin Associates, L.L.C., Liquidating Trustee of the Worldwide Direct Liquidation Trust (the "Liquidating Trustee"), hereby submits its First Interim Application for Allowance of Compensation and Reimbursement of Expenses pursuant to 11 U.S.C. §330 (the "First Interim Application") and, in support hereof, respectfully represents as follows:

## BACKGROUND

1. On January 19, 1999, the Debtors filed their voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), and were thereafter continued in the management and operation of their business and properties pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. On February 3, 1999, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee"), which then selected as its co-counsel Munsch, Hardt, Kopf & Harr, P.C. ("Munsch Hardt") and Klehr, Harrison, Harvey, Branzburg & Ellers, LLP ("Klehr Harrison"). On June 7, 2001, the Court confirmed the Second Amended Consolidated

DEL1 39763v1

Liquidating Chapter 11 Plan for SmarTalk, TeleServices, Inc. and Affiliates, Proposed By the Debtors and By the Official Committee of Unsecured Creditors (the "Plan"), which appointed the Liquidating Trustee as referenced in Article IX, Section 9.3.4.

3.      On or about October 27, 2001, the Liquidating Trustee retained Gibbons Del Deo as special litigation counsel to, *inter alia*, (i) assist the Liquidating Trustee in performing due diligence regarding the fee applications of the professionals retained in connection with the Debtors' chapter 11 case ("Administrative Professionals"), including the Debtors' counsel, the Committee's counsel, and Executive Sounding Board Associates, Inc. ("ESBA"), the management consultant retained by the Debtors during the pendency of the chapter 11 cases to manage and liquidate the Debtors' businesses and assets and (ii) examine and object to certain prepetition claims filed against the Debtors. As Gibbons Del Deo was not retained by the Liquidating Trustee until after the confirmation of the Debtors' Plan, Court approval of Gibbons Del Deo's retention was not necessary. Klehr Harrison acted as Gibbons, Del Deo's local co-counsel in Delaware.

4.      Moreover, the Liquidating Trustee retained Legal Cost Control, Inc. as fee auditor ("Fee Auditor") to perform an audit of the fee applications of the Administrative Professionals.

5.      The Fee Auditor prepared a draft "Fee Audit Report Re Fee Applications" dated as of November 19, 2001 ("Reports") with respect to the fee applications of many of the twenty-two Administrative Professionals which filed an application.

6.      Based upon the Fee Auditors' findings set forth in the Reports, Gibbons Del Deo and the Liquidating Trustee proceeded to contact each of the Administrative Professionals and engage in a dialogue intended to achieve reductions in and/or adjustments to the amounts of fees and disbursements sought by the Administrative Professionals in their fee applications. In most

DEL1 39763v1

cases, the Liquidating Trustee and Gibbons Del Deo were able to reach a consensual resolution with the Administrative Professionals.

7. By January 2002, the Liquidating Trustee and Gibbons Del Deo had succeeded in resolving the Trustee's objection to all but three of the Administrative Professionals' fee applications. The remaining professionals whose fees remained the subject of dispute and thus litigation were (i) ESBA and its agent Eugene L. Davis ("Davis"), which acted as the Debtors' management prior to confirmation of the Plan; (ii) Hennigan, Bennett & Dorman ("Hennigan"), the Debtors' counsel in the chapter 11 cases; (iii) Howrey Simon Arnold & White ("Howrey"), the Debtors' special insurance counsel in the chapter 11 cases (ESBA and Davis, Hennigan and Howrey are sometimes referred to collectively below as the "Remaining Professionals".)

8. Gibbons Del Deo proceeded to draft and file formal written objections to the fee applications of the Remaining Professionals. As detailed in Gibbons Del Deo's monthly invoices, the firm proceeded to litigate the claims of the Remaining Professionals, conducting discovery of the claimants, meeting with the claimants and their attorneys to discuss settlement, and preparing for trial on the merits of the Remaining Professionals' applications and the Liquidating Trustee's objections thereto. Between January 2002 and April 2002, Gibbons Del Deo succeeded in settling the Liquidating Trustee's objections to the fee applications of Howrey.

9. In addition, Gibbons Del Deo objected to and litigated the disputed proofs of claim filed by the following creditors of the Debtors: (i) Wilmington Trust Company ("Wilmington Trust"), which acted as Indenture Trustee for holders of bonds issued by the Debtors; (ii) BellSouth International Wireless Services, Inc. and affiliates ("BellSouth"); and (iii) Frontier Communications of the West, Inc. and Frontier Communications International, Inc. n/k/a Global Crossing, Ltd.. ("Global Crossing").

DEL1 39763v1

10. Wilmington Trust filed a request for payment of an administrative claim in an amount in excess of $1.4 million, seeking payment of its attorneys' fees incurred in connection with its role on the Committee, and seeking to have its claims deemed a charging lien having priority over the claims of other creditors. The Fee Auditor prepared a Report concerning the services performed by Wilmington Trust's professionals that formed the basis of Wilmington Trust's administrative claim. The Liquidating Trustee and certain creditors objected to Wilmington Trust's claims on the bases that the same were excessive, were based upon services that were duplicative of those rendered by other retained professionals in the case, and for other reasons. A hearing on the Wilmington Trust claim is scheduled for October 25, 2002.

11. BellSouth filed the following proofs of claim arising out of the various pre-petition agreements between the Debtors and BellSouth: BellSouth International Wireless Services, Inc. - Claims No. 303, 145 and 1277 and BellSouth Telecommunications, Inc. - Claims No. 1220 and 21. The Liquidating Trustee objected to said claims based upon evidence that the same were duplicative, lacked adequate back-up and description, and/or had otherwise been satisfied by the Debtors, or that the claims were obligations of AT&T as purchaser of the Debtor's assets. Gibbons Del Deo negotiated with counsel to BellSouth and advanced the trustee's objections to these claims, which totaled almost $1.925 million, in an effort to resolve the same.

12. Global Crossing filed two proofs of claim seeking recovery of almost $25 million arising from a series of prepetition agreements with the Debtors. The Liquidating Trustee objected to the same on the bases that the same asserted claims for unenforceable penalties, lost profits that were specifically precluded by the contracts, and indemnification from specious third-party claims. In addition, the Debtors held claims against Global Crossing for recovery of

preferences, avoidable post-petition transfers, and indemnification under the prepetition agreements.

13.  In May 2002, Paul R. DeFilippo, a former Director of Gibbons Del Deo, announced that he was resigning from the firm. At that time, of the various matters in which Gibbons Del Deo represented the Liquidating Trustee, the following remained active: (i) the litigated objections to the fee application of ESBA and Davis; (ii) the litigated objections to the fee application of Hennigan; (iii) the disputed claims of Wilmington Trust; (iv) the disputed claims of Global Crossing; and (v) the disputed claims of BellSouth. The Liquidating Trustee determined to transfer those remaining matters to Mr. DeFilippo's new firm, Wollmuth, Deutsch & Maher LLP. The balance of the matters handled by Gibbons Del Deo had been resolved by settlements by the end of April 2002. Accordingly, Gibbons Del Deo's substantive involvement in these matters effectively terminated on or about May 1, 2002.

## **THE FIRST INTERIM PERIOD**

14.  Gibbons Del Deo has rendered services on behalf of the Liquidating Trustee for the period from October 27, 2002 through July 31, 2002 (the "Compensation Period") totaling 836.85 hours of professional time.

15.  The numerous types of tasks performed by Gibbons Del Deo during the Compensation Period are set forth in detail in the accompanying time records. Said tasks include, but are not limited to: (i) advising the Liquidating Trustee with respect to strategy and litigation concerning the disputed claims described above; (ii) managing the process of finalizing, filing and serving pleadings in the cases; (iii) preparing for and participating in numerous Court hearings on behalf of the Liquidating Trustee; (iv) providing material assistance

in the numerous litigation matters pending in these cases; and (v) negotiating settlements with the parties asserting disputed claims against the Debtors..

16. This application is being submitted with respect to the Compensation Period in accordance with the Plan.

17. Attached hereto as Exhibit A are the invoices regarding the time and value accumulated by each individual attorney and paraprofessional for the Compensation Period. Included on the invoices attached as Exhibit A are the statements regarding the expenses Gibbons Del Deo incurred during the Compensation Period.

18. Gibbons Del Deo submits that the professional services rendered on behalf of the Liquidating Trustee during the Compensation Period are reasonably worth the sum of $185,261.00.

19. Additionally, Gibbons Del Deo expended costs on behalf of the Liquidating Trustee in the sum of $25,773.04 during the Compensation Period. Gibbons Del Deo submits that these expenses were actual, necessary and reasonable.

DEL1 39763v1

WHEREFORE, Gibbons Del Deo respectfully requests that it be awarded and allowed (i) compensation in the amount of $185,261.00 and (ii) reimbursement of expenses in the amount of $25,773.04 for a total sum of $211,034.04 for professional services rendered and costs expended on behalf of the Liquidating Trustee for the Compensation Period.

    Respectfully submitted,

    GIBBONS, DEL DEO, DOLAN,
    GRIFFINGER & VECCHIONE, PC

    By: _____
    Dale E. Barney (DB-6778)
    One Riverfront Plaza
    Newark, New Jersey 07102-5497
    Telephone: (973) 596-4557
    Facsimile: (973) 639-6234
    dbarney@gibbonslaw.com

Dated: October 23, 2002