IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WORLDWIDE DIRECT, INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 99-00108(MFW) through<br>Case No. 99-00127(MFW)<br><br>Jointly Administered |

**SECOND INTERIM APPLICATION OF WOLLMUTH MAHER &
DEUTSCH LLP FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF
AUGUST 1, 2002 THROUGH MAY 31, 2003**

| | |
|---|---|
| Name of Applicant: | Wollmuth Maher & Deutsch LLP |
| Authorized to Provide Services to: | Goldin Associates, L.L.C. as the Liquidating Trustee For the Worldwide Direct Liquidating Trust |
| Date of Retention: | May 7, 2002 |
| Period for which compensation and reimbursement is sought: | August 1, 2002 through May 31, 2003 |
| Amount of Compensation sought as actual, reasonable and necessary | $96,881.20 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary | $4,622.03 |

This is an X interim ___ final application

| Filed | Compensation Period | Fees Allowed | Expenses Allowed |
|---|---|---|---|
| October 25, 2002 | May 7, 2002 through July 31, 2002 | $33,201.00 | $1,677.74 |

DEL1 51708-1

Local Form 102
(Page 1 of 4 Pages)

## TIMEKEEPER SUMMARY

| Name of Professional Person | Position of the Applicant. Number of Years in that Position. Prior Relevant Experience, Year of Obtaining License to Practice. Area of Expertise | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Paul R. DeFilippo | Joined firm as a partner in May 2002; Member of New Jersey Bar since 1978. Areas of Expertise: Bankruptcy and Litigation | $450.00 | 78.1 | $34,020.00 |
| Brendan P. Langendorfer | Joined firm as an associate in May 2002; Member of New Jersey Bar since 1999. Areas of Expertise: Bankruptcy and Litigation | $250.00/ $295.00[1] | 240.4 | $61,249.70 |

---

[1] On January 1, 2003 Brendan Langendorfer's hourly rate increased from $250.00 to $295.00.

DEL1 51708-1

Local Form 102
(Page 2 of 4 Pages)

| Julie Thomas | Joined firm as a paralegal in June, 2001 | $95.00 | 0.8 | $76.00 |
|---|---|---|---|---|
| Robin Reagan | Joined firm as a law clerk in November, 2002 | $125.00 | 4.0 | $500.00 |
| Travis M. Berglund | Joined firm as a paralegal in June 2002 | $95.00 | 12.4 | $1,035.50 |
| Grand Total: | | | **335.7** | **$96,881.20** |
| Average Rate: | | | | **$218.30** |

DEL1 51708-1

Local Form 102
(Page 3 of 4 Pages)

## COMPENSATION BY PROJECT CATEGORY

| Project Category (Examples) | Total Hours | Total Fees |
|---|---:|---:|
| Asset Analysis and Recovery | N/A | N/A |
| Asset Disposition | N/A | N/A |
| Business Operations | N/A | N/A |
| Case Administration | N/A | N/A |
| Claims Administration and Objections | N/A | N/A |
| Employee Benefits/Pension | N/A | N/A |
| Retention of Professionals | N/A | N/A |
| Fee Applications | 0.5 | $125.00 |
| Financing | N/A | N/A |
| Security Issues | N/A | N/A |
| Litigation | 335.2 | $96,756.20 |
| Plan and Disclosure Statement | N/A | N/A |
| Relief from Stay Proceedings | N/A | N/A |
| Tax Issues | N/A | N/A |
| Valuation | N/A | N/A |
| Objections to Fees Applications | N/A | N/A |
| **Total** | **335.7** | **$96,881.20** |

DEL1 51708-1

## COMPENSATION BY TASK

| Category | Total Hours | Total Fees |
|---|---|---|
| Telephone Calls | 30.0 | $9,375.50 |
| Correspondence/Memorandum Drafted | 38.3 | $10,470.50 |
| Correspondence Reviewed | 12.1 | $3,409.50 |
| Legal Research | 40.7 | $9,713.50 |
| Court Appearance | 9.5 | $4,275.00 |
| Preparation of Pleadings and Briefs | 71.5 | $20,053.00 |
| Internal Office Meetings with Staff | 2.6 | $879.50 |
| Internal Office Meetings Third Party Conference | 1.0 | $450.00 |
| Out of Office Meetings | 2.3 | $1,035.00 |
| Review of File | 6.2 | $1,609.50 |
| Travel Time | 7.0 | $2,025.00 |
| Review and Analyze docs, pleadings and transcripts | 93.5 | $28,051.70 |
| Preparation of transactional and misc. documents | 6.6 | $2,050.00 |
| Organize Files | 1.8 | $171.00 |
| Fee Application Preparation | 10.4 | $2,600.00 |
| Litigation | 2.2 | $712.50 |
| **Total:** | **335.7** | **$96,881.20** |

Local Form 102
(Page 4 of 4 Pages)

## EXPENSE SUMMARY

| Expense Category (Examples) | Total Hours | Total Expenses |
|---|---|---|
| Computer Assisted Legal Research | N/A | $185.48 |
| Factual Investigation | N/A | N/A |
| Facsimile (@ $1.00 per page for outgoing facsimiles - no charge for incoming facsimiles) | N/A | $666.00 |
| Telephone | N/A | $48.76 |
| In-House Reproduction (@ $0.15 per page) | N/A | $1,230.30 |
| Outside Reproduction | N/A | $1,197.52 |
| Outside Research | N/A | N/A |
| Filing/Court Fees | N/A | N/A |
| Court Reporting | N/A | $541.20 |
| Local Travel/Parking | N/A | $397.10 |
| Out-of-Town Travel | N/A | $11.50 |
| Courier & Express Carriers (e.g. Federal Express) | N/A | $219.17 |
| Postage | N/A | $125.00 |
| **Total Expenses** | | **$4,622.03** |

DEL1 51708-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> WORLDWIDE DIRECT, INC., et al., <br><br> Debtors. | Chapter 11 <br><br> Case No. 99-00108(MFW) through <br> Case No. 99-00127(MFW) <br><br> Jointly Administered |

## SECOND INTERIM APPLICATION OF WOLLMUTH MAHER & DEUTSCH LLP FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF AUGUST 1, 2002 THROUGH MAY 31, 2003

TO:   THE HONORABLE MARY F. WALRATH
      UNITED STATES BANKRUPTCY JUDGE

Wollmuth, Maher & Deutsch, LLP (the "Firm"), counsel to Goldin Associates, L.L.C., the Liquidating Trustee ("Liquidating Trustee") for the Worldwide Direct Liquidating Trust ("Liquidating Trust"), hereby submits its Second Interim Application For Allowance Of Compensation And Reimbursement Of Expenses For The Period Of August 1, 2002 Through May 31, 2003 pursuant to 11 U.S.C. § 330 (the "Second Interim Application") and, in support hereof, respectfully represents as follows:

### BACKGROUND

1.     On January 19, 1999 ("Petition Date"), Worldwide Direct, Inc., SmarTalk TeleServices, Inc. ("SmarTalk") and SmarTalk's eighteen (18) direct and indirect subsidiaries (collectively, the "Debtors"),[1] filed separate and voluntary petitions seeking relief under chapter

---

[1] The Debtors are comprised of Worldwide Direct, Inc., SmarTalk Teleservices, Inc., and their subsidiaries, SmarTalk USPS Sales Co, a Delaware corporation; GTI TeleCom, Inc., a Florida corporation; USA Telecommunications Services, Inc., a North Carolina Corporation; SmarTel Communications, Inc, a Delaware corporation; SMTK NY-1 Corp., a New York corporation; Creative Network Marketing, Inc., a Delaware corporation; SmarTalk (Delaware) Corp., a

DEL1 51708-1

11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1334 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware.

2.  On January 20, 1999, the Court signed an order directing the joint administration of the Debtors' cases under Case No. 99-108 (MFW). On February 2, 1999, the Official Committee of Unsecured Creditors ("Committee") was constituted.

3.  On or about March 15, 1999, the Debtors filed their consolidated Schedules of Assets and Liabilities in which the Debtors listed liquidated, noncontingent, undisputed claims on behalf of a number of creditors.

4.  On June 7, 2001, the Court entered its "Findings of Fact, Conclusions of Law, and Order Confirming Second Amended Consolidated Liquidating Chapter 11 Plan for SmarTalk Teleservices, Inc., and Affiliates, Proposed by the Debtors and by the Official Committee of Unsecured Creditors" (the "Confirmation Order"). Pursuant to the Confirmation Order, the Court confirmed the Plan as modified therein and, among other things: (i) approved the creation of the Remaining Assets, as that term is defined in the Plan; (ii) appointed Goldin Associates, L.L.C. and Harrison J. Goldin as the Liquidating Trustee; (iii) named the members of the Board of the Liquidating Trust; and (iv) authorized the Liquidating Trustee to implement the provisions of the Liquidating Trust Agreement as set forth in the Plan upon the Effective Date.

---

Delaware corporation, SMTK Acquisition Corp., a Florida corporation; Conquest Telecommunication Services Corp., a Delaware corporation; SMTK Acquisition Corp. III, a Delaware corporation; SmarTalk Acquisition Corp., a Nevada corporation, Conquest Communications Corp., an Ohio corporation, Conquest Long Distance Corp., an Ohio corporation, Conquest Operator Services Corp., an Ohio corporation, SmarTel, Inc., a Massachusetts corporation; SmarTel International, Inc., a New York corporation; SmarTel Communications of Virginia, Inc., a Virginia corporation; and Conquest Operator Services, LP, a Delaware corporation.

5. All of the conditions precedent to the Effective Date of the Plan have occurred and the Effective Date of the Plan was established as June 30, 2001. On July 3, 2001, the Liquidating Trustee served a Notice of Effective Date in accordance with the provisions of the Plan. The Plan provides for, among other things, that the Liquidating Trustee is responsible for the pursuit of objections to disputed claims. See Plan § 9.3.5.

6. On or about October 27, 2001, the Liquidating Trustee retained the law firm of Gibbons, Del Deo, Dolan, Griffinger & Vecchione, P.C. ("Gibbons Del Deo") as special litigation counsel to, among other things, (i) assist the Liquidating Trustee in performing due diligence regarding the fee applications of professionals retained in connection with the Debtors' chapter 11 cases, including Hennigan Bennett & Dorman ("HBD"), the Debtors' former counsel, and Executive Sounding Board Associates, Inc. ("ESBA"), the management consultant retained by the Debtors during the pendency of the chapter 11 cases to manage and liquidate the Debtors' business and assets and (ii) examine and object to certain claims filed against the Debtors, including those filed by Frontier Communications of the West, Inc. and Frontier Communications International, Inc. (now collectively known as "Global Crossing"), BellSouth International Wireless Services, Inc. and affiliates ("BellSouth"), and Wilmington Trust Company ("Wilmington Trust").

7. In May 2002, Paul R. DeFilippo, a former Director of Gibbons Del Deo, announced that he was resigning from that firm. At that time, the foregoing active matters were transferred to the Firm: (i) the litigated objections to the fee applications of HBD and ESBA; (ii) the disputed claims of Global Crossing, BellSouth and Wilmington Trust. Because the Firm was not retained by the Liquidating Trustee until after the confirmation of the Plan, Court approval of the Firm's retention was not necessary.

**RELIEF REQUESTED**

8. This Application is the Second Interim Fee Application filed by the Firm and is made pursuant to sections 330 and 331 of the Bankruptcy Code. The Firm is a limited liability partnership engaged in the general practice of law. The Firm seeks allowance of compensation for actual and necessary services rendered to the Liquidating Trustee in the total amount of $101,503.23, represented by the sum of $96,881.20 for actual hourly time charges billed and actual and necessary expenses incurred in the amount of $4,622.03 during the period of August 1, 2002 through May 31, 2003 (the "Application Period").

9. A summary of the hours of each professional for the Application Period, the total compensation by project category and an expense summary, in a form substantially similar to Local Form 102, are submitted herewith. During the Application Period, the Firm issued Monthly Billing Statements to the Liquidating Trustee. Copies of the Monthly Billing Statements, as revised, are annexed hereto as Exhibit A-J.

**SUMMARY OF SERVICES RENDERED**

10. The Firm has expended a total of 335.7 hours rendering services as the Liquidating Trustee's counsel during the Application Period, having a value of $96,881.20. The rates charged by the Firm are reasonable and reflect the Firm's conscientious efforts to have junior personnel, with lower hourly rates, perform services whenever the complexities and exigencies of the matter permitted.

11. During the Application Period, the Firm was required to furnish substantial services to the Liquidating Trustee, which occupied various professionals within the Firm. To assist the Court in evaluating the nature, extent and reasonableness of the compensation requested, following is a narrative summary of some of the more significant services rendered:

DEL1 51708-1

    a. drafted and reviewed various pleadings relating to the objection to the fee applications of HBD;

    b. represented the Liquidating Trustee at a hearing regarding the objection to the fee applications of HBD;

    c. drafted various pleadings regarding lifting the automatic stay with respect to Global Crossing and objecting to the confirmation of the plan of reorganization filed by Global Crossing;

    d. engaged in intensive negotiations with counsel for Global Crossing and Bellsouth culminating in a favorable compromise of the Liquidating Trustee's objections to those proofs of claims;

  12. For the Application Period, the Firm seeks allowance of compensation in the amount of $96,881.20 in connection with, among other things, the professionals services described above.

  13. During the Application Period, the Firm incurred or disbursed the actual and necessary costs and expenses related to these case in the amount of $4,622.03.

  14. During the Application Period, the Firm received $75,365.78 as compensation for services rendered and reimbursement of expenses.

  15. Pursuant to Local Rule 2016-2 of the Local Rules of the Bankruptcy Court for the District of Delaware ("Local Rules"), the Firm represents as follows with regard to its charges for actual and necessary costs and expenses during the Application Period:

    a. Copy charges are $0.15 per page, which charge is reasonable and customary in the legal industry representing costs of copy materials, acquisition, maintenance, storage and operation of copy machines.

    b. Incoming facsimiles are not billed. Out-going facsimiles are billed at the rate of $1.00 per page. The costs represent operator time, maintaining several dedicated facsimile telephone lines, supplies and equipment.

    c. Non-working travel time is billed at 50% of the professional or paraprofessional's normal rate.

  16. The Firm has reviewed the requirements of Rule 2016-2 of the Local Rules and certifies that this Application complies therewith.

  17. With reference to the factors to be considered in connection with fee applications, courts often look to the leading case of <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714 (5th Cir. 1974). <u>See</u>, <u>e.g.</u>, <u>In re West Electronics, Inc.</u>, 158 B.R. 37, 42 (Bankr. D.N.J. 1993). <u>See</u> also <u>Lindy Bros. Builders v. American Radiator & Standard Sanitary Corp.</u>, 487 F.3d 161 (3d Cir. 1973). The Firm respectfully submits that this Application is reasonable when measured in light of the factors cited in these cases and that all of the services performed by the Firm have substantially benefited the Liquidating Trustee, the Debtors, their estates and creditors.

  18. The Firm submits that under sections 330 and 331 of the Bankruptcy Code and all applicable legal criteria, including rates charged by comparably skilled practitioners in non-bankruptcy matters, the compensation is reasonable.

  **WHEREFORE,** the Firm respectfully requests that this Court enter an order (i) awarding interim compensation to the Firm in the total amount of $101,503.23, which is comprised of (a) compensation of $96,881.20 for actual billable time for services rendered by the Firm as

DEL1 51708-1

counsel to the Liquidating Trustee, and (b) actual and necessary expenses incurred by the Firm in the amount of $4,622.03, and (ii) granting such other and further relief as this Court deems just and proper.

        Respectfully submitted,

        WOLLMUTH MAHER & DEUTSCH LLP
        Attorneys and for Goldin Associates, L.L.C. as
        the Liquidating Trustee for the Worldwide
        Liquidating Trust

        By:     /s/ Paul R. DeFilippo
                  Paul R. DeFilippo

Dated: July 1, 2003
       Newark, New Jersey

DEL1 51708-1