UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WORLDWIDE DIRECT, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 99-00108(MFW) through<br>Case No. 99-00127(MFW)<br><br>(Jointly Administered)<br><br>**Hearing Date: January 5, 2005 at 2:00 p.m.**<br>**Objection Deadline: December 28, 2004 at 4:00 p.m.** |

**MOTION OF GOLDIN ASSOCIATES, L.L.C., AS
LIQUIDATING TRUSTEE FOR THE WORLDWIDE
DIRECT LIQUIDATING TRUST (I) TO ENFORCE
OCTOBER 29, 2004, BANKRUPTCY COURT
ORDER REQUIRING HENNIGAN, BENNETT
& DORMAN TO DISGORGE FEES AND (II) FOR
SANCTIONS FOR CIVIL CONTEMPT INCLUDING
AN AWARD OF INTEREST, COSTS AND FEES**

TO:   THE HONORABLE MARY F. WALRATH
      CHIEF UNITED STATES BANKRUPTCY JUDGE

Goldin Associates, L.L.C., as Liquidating Trustee for the Worldwide Direct Liquidating Trust, by and through its undersigned counsel, hereby moves the Court for entry of an order pursuant to 11 U.S.C. §§ 105(a) and 331 enforcing this Court's October 29, 2004, order requiring Hennigan, Bennett & Dorman to immediately disgorge fees, and for sanctions against Hennigan, Bennett & Dorman for civil contempt including an award of interest, costs and fees (the "Motion"), and in support thereof respectfully represents:

### Jurisdiction

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. The basis for the relief sought herein is 11 U.S.C. §§ 105(a) and 331. Venue of the Debtor's chapter 11 case and the Motion in this district is proper pursuant to 28 U.S.C. § 1408.

DEL1 59958-1

## Background

2.  On January 19, 1999, Worldwide Direct, Inc., SmartTalk TeleServices, Inc., and several affiliates (collectively, "the Debtors") each filed voluntary petitions for relief under chapter 11, title 11, United States Code, 11 U.S.C. 101-1330 (the "Bankruptcy Code"), with the Bankruptcy Court for the District of Delaware (the "Court").

3.  Hennigan, Bennett & Dorman ("Hennigan") was retained as counsel for the Debtors, and said retention was approved by Court order dated January 21, 1999.

4.  On June 7, 2001, the Court entered an order confirming the Second Amended Joint Consolidated Liquidating Plan of Reorganization (the "Plan") as proposed by the Debtors and the Official Unsecured Creditors Committee. Under the Plan, Goldin Associates, LLC (the "Liquidating Trustee") was appointed as liquidating trustee to liquidate the Debtors' remaining assets, review claims and make a distribution to creditors.

5.  On or about August 14, 2001, Hennigan filed its Sixth and Final Verified Application for Allowance of Compensation and for Reimbursement of Expenses (the "Final Fee Application"), seeking fees in the amount of $5,872,609.90 and expenses in the amount of $1,042,422.46.

6.  On December 3, 2001, the Liquidating Trustee filed its objection (the "Objection") to the Final Fee Application.

7.  Following hearings on May 16, 2002 and December 5, 2002, the Court entered an order dated October 29, 2004 (the "Fee Order"), sustaining in part and overruling in part the Liquidating Trustee's Objection. In the Fee Order, Hennigan was awarded final compensation in the amount of $5,492.359.69 and $1,042,422.46 in expense reimbursement. The second decretal paragraph of the Order states that it is

> [O]rdered that to the extent Hennigan, Bennett & Dorman has not received interim payments in the above amount, the Liquidating Trustee shall pay the difference but to the extent Hennigan, Bennett & Dorman has received interim payments in excess of the above amount, it shall disgorge the difference to the Liquidating Trustee.

A true and correct copy of the Order is annexed to the Declaration of Paul R. DeFilippo (the "DeFilippo Declaration") as Exhibit A.

8. As of the date of the Order, Hennigan had received interim payments that exceeded its fee award by $399,470.22 (the "Excess Fees").

9. By letters dated November 1 and November 18, 2004, the Liquidating Trustee informed Hennigan that it was overpaid and requested that pursuant to the Order, Hennigan disgorge the Excess Fees and pay them over to the Liquidating Trustee for disposition in accordance with the Plan. True and correct copies of the November 1 and November 18, 2004 letters are annexed to the DeFilippo Declaration as Exhibit B.

10. Hennigan has refused to disgorge the Excess Fees as required by the Order, as appears from the December 8, 2004, letter from Hennigan to counsel for the Liquidating Trustee (Exhibit C to the DeFilippo Declaration). Hennigan's purported basis for retaining the Excess Fees is that Hennigan intends on filing a supplemental fee application to recover the fees that it incurred in prosecuting its Final Fee Application. However, more than two years has passed since such fees were incurred and the last hearing on Hennigan's fee application was held, and Hennigan has not filed an additional or supplemental fee application since its Final Fee Application in August 2001. The Liquidating Trustee believes that it has valid objections to any request by Hennigan for further fees, including but not limited to that such fees were not necessary, since the Liquidating Trustee offered to resolve its objections to Hennigan's fees before litigation for roughly the amount of the Excess Fees.

3

11.     Moreover, Hennigan has not been awarded any of the Excess Fees by the Court, and Hennigan has had possession of the Excess Fees, which belong to the estate, for more than two years.

### Relief Requested and Reasons Therefore

12.     By way of the Motion, the Liquidating Trustee seeks entry of an order pursuant to 11 U.S.C. §§ 105(a) and 331 enforcing this Court's October 29, 2004, order requiring Hennigan to immediately disgorge the Excess Fees, and finding Hennigan in civil contempt and awarding sanctions in favor of the Liquidating Trustee for interest on the Excess Fees, as well as for costs and fees for seeking enforcement of the Order.[1]

13.     Section 105(a) of the Bankruptcy Code provides, in relevant part, that a court may take any action or make "any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." See 11 U.S.C. § 105(a).  Thus, section 105 gives a bankruptcy court the power and jurisdiction to enforce its valid orders.  See In re Continental Airlines, Inc., 236 B.R. 318, 325 (Bankr. D. De. 1999), *aff'd* 279 F.3d 226 (3d Cir. 2002) (court has inherent authority to enforce its own orders); see also In re Marcus Hook Dev. Park, Inc., t/a Title Ins. Co., 943 F. 2d 261, 266 (3d Cir. 1991)(court has inherent power to enforce its own orders under section 105).

14.     In this case, the Court must exercise its authority to enforce the Order directed at Hennigan because there is no basis upon which Hennigan can rely for failing to comply.  As an initial matter, the Order directing Hennigan to disgorge fees is a valid order.  See e.g., In re Master Holding Inc., 2004 Bankr. LEXIS 576, *9 (Bankr. D. De. Apr. 26, 2004) (all fees paid under section 328, 330 or 331 are subject to court's inherent authority to order disgorgement); see also In re Mariner Post-Acute Network, Inc., 257 B.R. 723, 730 (Bankr. D. De. 2000) (same).

---

[1] Pursuant to section 331 of the Bankruptcy Code, all interim fees are subject to disgorgement.

Moreover, the Order has become final, has not been stayed, and Hennigan has neither moved for reconsideration nor filed a notice of appeal.[2] Hennigan's retention of the Excess Fees is baseless and constitutes a knowing violation of the Order. As such, the Court must require Hennigan to immediately disgorge the Excess Fees.

15. The Supreme Court decision Maness v. Meyers supports the conclusion that the Order must be enforced against Hennigan. In that case, the Supreme Court stated

> …that all orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal.

Maness v. Meyers, 419 U.S. 449, 458 (1975). Thus, Maness instructs that Hennigan had no choice but to timely comply with the Order. That conclusion holds true regardless of whether Hennigan believed that the Order was improvident or that it had some other basis to retain the Excess Fees. Because Hennigan has failed to comply, as it was required to do, the Court must now enforce the Order.

16. Hennigan's purported basis for retaining the Excess Fees does not alter the conclusion that the Court must enforce the Order against Hennigan. Hennigan has advised that it has and continues to retain the Excess Fees because Hennigan intends on filing a supplemental fee application to recover the fees that it incurred in prosecuting its Final Fee Application over two years ago. After two years, no such application has been filed, and the Liquidating Trustee intends to object to any such application if and when it is filed.

17. Even if an application had been filed, the Order must be enforced because Hennigan is still in violation of the Order, as well as sections 330 and 331 of the Bankruptcy Code. Bankruptcy Code sections 330 and 331 require a professional to obtain court approval of

---

[2] The time within which Hennigan may move for a stay, reconsideration or appeal the Order has expired.

5

fees prior to payment. See 11 U.S.C. §§ 330 and 331; see also Matter of White Plains Road, Inc., 28 B.R. 515, 519 (Bankr. S.D.N.Y. 1983) (payment of fees without prior court approval violates sections 330 and 331 of the Bankruptcy Code). In this instance, Hennigan has not obtained an order from the Court awarding it the Excess Fees. Thus, Hennigan has no right to the Excess Fees. Hennigan cannot unilaterally excuse itself from the mandatory provisions of sections 330 and 331 of the Bankruptcy Code, which require prior court approval for the payment of professional fees. Thus, Hennigan's attempt to retain the Excess Fees because it intended on filing a fee application is unwarranted and irrelevant to its knowing failure to comply with the Order.

18. In addition, the Court should find Hennigan in civil contempt for violating the Order, and should award the estate interest on the Excess Fees, as well as costs and fees to the Liquidating Trustee incurred in seeking enforcement of the Order.

19. Section 105 of the Bankruptcy Code authorizes a court to award damages for civil contempt. See 11 U.S.C. § 105(a); see also In re Swanson, 207 B.R. 76, 80 (Bankr. D.N.J. 1997). Specifically, "a bankruptcy court has authority to impose civil contempt to enforce compliance with a court order and to compensate a party damaged by a violation of that order." See In re Swanson, 207 B.R. at 80. To impose sanctions for civil contempt, a Court must find that (i) a valid order of the court exists; (ii) the entity to be charged with contempt had actual knowledge of the order; and (iii) the entity to be charged must have disobeyed the order. See Carematrix Corp., 306 B.R. 478, 488 (Bankr. D. De. 2004).

20. In this instance, all of the prerequisites for a civil contempt finding against Hennigan are satisfied. First, it is undisputed that the Court's Order constitutes a valid order. Next, the service list annexed to the Order indicates that Hennigan was served with the Order

6

and therefore had actual knowledge of same. See DeFilippo Declaration, at Exhibit A. Finally, as set forth herein, Hennigan has and continues to knowingly violate the Order by refusing to disgorge the Excess Fees. Accordingly, an award of sanctions is appropriate to compensate the Liquidating Trustee and the estate for Hennigan's violation of the Order. See In re Swanson, 207 B.R. at 80.

21. The Liquidating Trustee requests that the award include interest on the Excess Fees. Hennigan has enjoyed the use and possession of the Excess Fees for more than two years, and has deprived the estate of said funds for that duration. Interest at the federal prejudgment rate would be appropriate until entry of the Fee Order, and at the federal post-judgment rate thereafter.

22. In addition, the Liquidating Trustee requests fees and costs related to its efforts to seek enforcement of the Order. Due to Hennigan's baseless violation of the Order, the Liquidating Trustee was forced to seek Court intervention. The Liquidating Trustee should be made whole for its efforts. Thus, in addition to disgorging the Excess Fees and paying interest thereon, Hennigan should be ordered to pay the costs and fees incurred by the Liquidating Trustee in drafting, filing, and prosecuting this Motion to completion.

23. In sum, for the reasons stated herein, the Court should enforce its Order and compel Hennigan to immediately disgorge the Excess Fees, and find Hennigan in civil contempt and award sanctions in favor of the Liquidating Trustee for interest on the Excess Fees, as well as costs and fees for seeking enforcement of the Order.

### Notice, Prior Requests and Waiver of Brief

24. Notice of this Motion has been provided to the Office of the United States Trustee and to Hennigan, Bennett & Dorman LLP. The Liquidating Trustee submits that this constitutes sufficient notice and that no other notice is necessary.

25. The Liquidating Trustee has not made any prior motion for the relief requested herein to this or any other court.

26. The Liquidating Trustee does not believe that the Motion presents any novel issues of law requiring the citation to any authority other than cited above, and submits that no brief is necessary.

### Conclusion

WHEREFORE, the Liquidating Trustee requests that the Court (i) enforce its October 29, 2004, order by requiring Hennigan, Bennett & Dorman LLP to immediately disgorge the Excess Fees; (ii) find Hennigan in civil contempt and award sanctions in favor of the Liquidating Trustee for interest on the Excess Fees, as well as costs and fees for seeking enforcement of the Order; and (ii) grant such other and further relief as the Court deems equitable and just.

Dated: December 16, 2004
      Wilmington, Delaware

KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS, LLP

_/s/ Steven K. Kortanek_
Steven K. Kortanek (#3106)
919 Market Street, Suite 1000
Wilmington, DE 19801
(302) 426-1189

- and -

WOLLMUTH MAHER & DEUTSCH
Paul R. DeFilippo
One Gateway Center, 9th Floor
Newark, New Jersey
(973) 733-9200

Counsel for Goldin Associates, L.L.C.,
Liquidating Trustee of the Worldwide Direct
Liquidating Trust

9