## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WORLDWIDE DIRECT, INC., *et al.*, | ) | Case No. 99-00108 (MFW) through |
| | ) | Case No. 99-00127(MFW) |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |
| | ) | **Related Docket No. 3297** |
| | ) | **Objection Deadline: February 1, 2005 @ 4:00 p.m.** |
| | ) | **Hearing Date: February 8, 2005 @ 11:30 a.m.** |

### OBJECTION OF THE LIQUIDATING TRUSTEE TO THE
### APPLICATION OF HENNIGAN, BENNETT & DORMAN FOR
### ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF
### EXPENSES INCURRED IN DEFENSE OF FIRM'S FINAL FEE APPLICATION

Goldin Associates, LLC, as Liquidating Trustee of the Worldwide Direct, Inc. Liquidating Trust ("Trustee"), hereby submits the following objection to the "Application of Hennigan, Bennett & Dorman for Allowance of Compensation and Reimbursement of Expenses Incurred in Defense of Objection to The Firm's Final Fee Application" (the "Supplemental Application") (filed on December 30, 2004) [D.I. #3297], and respectfully shows and alleges as follows:

1.      This contested matter presents the issue whether Hennigan Bennett & Dorman ("HBD"), the Debtor's former reorganization counsel, should be allowed fees of $186,068.31 and expenses of $44,700.78, which HBD incurred after consummation of the Plan of Reorganization defending the Trustee's objections to its pre-confirmation fees. The Trustee respectfully submits that the fees and expenses sought by HBD's Supplemental Application are not allowable as a matter of law and should be denied.

2.      This Chapter 11 case was filed on January 19, 1999, and an Application to retain HBD as the Debtor's reorganization counsel was filed on January 20, 1999, and approved on

DELI 60298-1

January 21, 1999. On June 7, 2001, the Court entered its "Findings of Fact, Conclusions of Law, and Order Confirming Second Amended Consolidated Liquidating Chapter 11 Plan (the "Plan") For SmarTalk TeleServices, Inc., and Affiliates, Proposed by the Debtors and by the Official Committee Of Unsecured Creditors" (the "Confirmation Order"). Pursuant to the Confirmation Order, the Court confirmed the plan as modified therein and, among other things: (i) approved the creation of the Liquidating Trust, as that term is defined in the plan; (ii) appointed Goldin Associates, L.L.C. as the Trustee; (iii) named the members of the Board of the Liquidating Trust; and (iv) authorized the Trustee to implement the provisions of the Liquidating Trust Agreement as set forth in the plan upon the Effective Date.

3.      All of the conditions precedent to the Effective Date of the Plan occurred and the Effective Date of the plan was established as June 30, 2001. On July 3, 2001, the Trustee served Notice of the Effective Date in accordance with the provisions of the Plan. On the Effective Date, the Debtors were substantively consolidated, all of the remaining assets of the Debtors were conveyed to the Liquidating Trust, the Trustee succeeded the Debtors as the representative of the estates, and the Debtors were dissolved. (Plan Sections 9.1, 9.2, 9.3). Accordingly, from and after the Effective Date, there was no further need for legal services to be performed on behalf of the Debtors.

4.      On October 1, 2001, before any objections to HBD's fees were filed and before any fees or expenses were incurred by HBD defending its Final Fee Application, the Trustee offered in writing to settle HBD's $5,872,609.90 fee application by agreeing to a consensual reduction of 7% of the total fees claimed. Had HBD agreed, its application would have been reduced by a total of $411,082.69, and HBD would not have incurred a penny of the fees and expenses, which are the subject of the Supplemental Application. The Trustee made similar

DEL1 60298-1

proposals to all of the other professionals employed in the case. Thereafter, most of the other professional firms entered into discussions with the Trustee that resulted in settlements of the estate's putative objections to their fee claims.

5.    HBD's response to the Trustee's offer was dated October 2, 2001, was admitted into evidence at the trial on HBD's fee application, and is annexed hereto as Exhibit A. HBD's response rejected the Trustee's offer and stated emphatically that HBD would not agree to "the requested reduction, or any other discount to its fees". Due to HBD's rejection of the Trustee's proposal and refusal to discuss a reduction in fees, the Trustee was required to prosecute its objection to HBD's fees, and there was a one and one-half day trial on the Trustee's objection.

6.    In its Opinion dated October 29, 2004 (the "Opinion") the Court granted in part the Trustee's objection, and reduced HBD's requested fees by $380,250.21. The Order issued in connection with the Opinion has become final. HBD does not dispute that it has received interim payments that exceed its fee award by $399,470.22. Only after the Trustee filed a motion to compel payment of the excess fees it has received did HBD make a partial payment of the overpayment. Rather than making a full payment to the excess fees it has received, HBD filed the Supplemental Application seeking to recover $186,068.31 in fees and $44,700.78 in expenses in defending the Trustee's objection. The fees and expenses sought in the Supplemental Application were all incurred after the Effective Date of the Plan, and after HBD unequivocally rejected the Trustee's October 1, 2001 offer to compromise the estate's objections for approximately $411,000. The Trustee objects to HBD's Supplemental Application on the grounds that the fees and expenses sought were not necessary or beneficial to the estate.

7.    Had HBD accepted the Trustee's October 1, 2001 proposal, it would have resulted in a consensual reduction of HBD's fees in the amount of $411,000. Had HBD entered into a

dialogue with the Trustee, it might well have achieved an agreement over a lesser reduction. Instead, HBD chose to press its entire fee claim, which led to the fee litigation between the Trustee and HBD.  To put this dispute in perspective, HBD seeks recovery from the estate of almost $231,000, for litigating over approximately $30,000, the difference between the Trustee's October 1, 2001 offer, and the amount disallowed from HBD's final fee application.

8.    HBD spends much time in its Supplemental Application attacking the Trustee. The Trustee will not respond in detail to those attacks, other than to note that they are unfounded and irrelevant.  Even if the Trustee had not objected to HBD's fees, this Court had an independent duty to review those fees, a duty which the Court exercised in the Opinion. Moreover, HBD has not appealed from the Order entered in conjunction with the Opinion.

9.    An applicant bears the burden of proving that fees and expenses sought are reasonable and necessary.  In re Channel Master Holdings, Inc., 309 B.R. 855, 861 (Bankr. D. Del. 2004).  The test of whether services are "necessary" is whether the bankruptcy estate required those services for some specific articulable reason.  In re Gribbon, 181 B.R. 179, 183 (D.N.J. 1995).  An element of whether services and expenses are necessary is whether they benefited the estate.  In re Lederman Enterprises, Inc., 997 F. 2d 1321, 1323 (10th Cir. 1993). In addition to being necessary, professional services must provide an actual benefit to the estate to be compensable.  In re Engel, 124 F. 3d 567, 575 (3d Cir. 1997).  Services that were not reasonably likely to benefit the estate, or necessary to administration of the case, may not be allowed, 11 U.S.C. § 330(a)(4).  Here, the fees and expenses sought by the Supplemental Application were neither "necessary", (and HBD makes no attempt to articulate a reason why they must have been performed), nor "beneficial", since the estate gained absolutely nothing from their performance.  Moreover, at the time the services were performed, the applicant should

have known that the estate would derive no benefit from HBD's services which are the subject of the Supplemental Application, and thus the fees were not reasonably likely to benefit the estate. Finally, HBD makes no effort to articulate why its fees and expenses were necessary to the administration of the case.

10.     The better reasoned decisions have held that although to a limited extent time spent in preparing fee applications is compensable, professionals are not entitled to be compensated by the estate for fees and expenses incurred in defending their fee applications from attack. Grant v. George Schuman Tire & Battery Co, 908 F. 2d 874 (11th Cir. 1990); In re DN Associates, 165 B.R. 344 (Bankr. D. Me. 1994); In re St. Rita's Associates Private Placement, 260 B.R. 650 (Bankr. W.D.N.Y. 2001). Consistent with the analysis in Grant, DN Associates, and St. Rita's Associates, this Court in In re Stations Holding Co., Inc., 2004 WL 1857116, 2004 Bankr. Lexis 1220 (Bankr. D. Del. 2004) (Exhibit "B" hereto) refused to allow a professional's fees for responding to objections to its retention, finding that services beyond those necessary to file its retention application were unnecessary and were not beneficial to the estate. In language equally applicable to HBD's Supplemental Application, the Court in Stations Holding held that such services are not compensable because "The purpose of such work is to improve the position of the applicant, not the Debtor or creditor body in general." 2004 WL 1857116 at *2, 2004 Bankr. Lexis 1220 at *7.

11.     HBD's Supplemental Application is based upon a "prevailing party" argument, and on the "anti-dilution" argument advanced in the Smith[1] and Big Rivers[2], cases. Neither of those concepts supports the award of compensation for litigating a fee dispute.

---

[1] In re Smith, 317 F. 3d 918 (9th Cir. 2002).

[2] In re Big Rivers Elec. Corp. 252 B.R. 670 (W.D. Ky. 2000).

12.    The anti-dilution argument fails because it would provide bankruptcy professionals greater protections in fee disputes than their non-bankruptcy counterparts, thus turning the so-called "policy of comparable compensation" relied on by HBD (Supplemental Application at 13) on its head.    The anti-dilution argument disregards the impact of the "American Rule", whereby absent an exception, each party to litigation bears their own counsel fees, win or lose. Scarpinato v. Nehring, 832 A. 2d 1252 (Del. Sup. Ct. 2003).  Had HBD been faced with a client unwilling to pay its fees outside of bankruptcy, its choices would have been to write off the time or to litigate to try to recover it.  Even if it succeeded in that litigation, absent an agreement to the contrary[3] it would not, consistent with the American Rule, have been allowed to recover its fees incurred in that litigation from its client. In re St. Rita's Associates, supra.  Denying HBD's Supplemental Application would therefore put HBD in exactly the same position as its non-bankruptcy counterpart seeking to recover a fee from a recalcitrant client, and is consistent with the so-called "policy of comparable compensation."  In both bankruptcy and non-bankruptcy contexts, fee disputes may effectively reduce an attorneys' compensation, DN Associates 165 B.R. at 354, and the "anti-dilution" argument simply overlooks that fact.

13.    HBD's prevailing party argument fares no better.  As the Grant Court noted, "The concept of prevailing party in bankruptcy cases is … incongruous… The language of Section 330 does not authorize the Court to award attorneys fees to the prevailing party." Grant, 908 F. 2d at 882.  The only issue the Court should examine is whether HBD's Supplemental Application seeks fees and expenses that were necessary to the administration of the estate, and beneficial.  As in Grant, the answer to that question in this case is no.

---

[3] The "Application of Debtors and Debtors in Possession to Employ Hennigan Mercer & Bennett as Reorganization Counsel", dated and filed in this case January 20, 1999 (D.I. #8) does not provide that HBD can recover its counsel fees incurred in litigation over payment of its fees.

14.    At the time HBD performed the services and incurred the expenses in the Supplemental Application, the Plan had been fully consummated, the Debtors had been liquidated, and HBD had fully completed the performance of all services for its clients. HBD's services that it charged itself in litigating (unnecessarily) over its fee claim were performed for HBD, and not for the Debtors. In re Stations Holding Co., Inc., 2004 Bankr. Lexis 1220 at *7. The expenses HBD incurred were spent to advance HBD's cause, not to benefit the Debtors. In an analogous context, courts have failed to find a benefit to the estate for costs of counsel which professionals have retained to litigate fee disputes on their behalf, In re Gillett Holdings, Inc., 137 B.R. 462, 471 (D. Co. 1992). The fees and expenses HBD incurred on its own behalf are no different; there was no benefit to the estate as a result of services or expenses sought to be paid in the Supplemental Application. DN Associates, 165 B.R. at 355, Stations Holdings, supra.

15.    Finally, HBD's fees were not necessary.  HBD makes no argument that its services were necessarily performed for its clients, which is understandable since the Debtors did not require those services for any discernible reason, having been liquidated at the time of their performance.  Even if the Court adopts the totality of the circumstances test which the Smith court suggests is appropriate, it is clear that HBD need not have done the work for which payment is now requested, as it could have avoided the entire fee dispute by negotiating a resolution with the Trustee in October 2001.  Instead, HBD declared that it would not agree to any discount to its fees.  The fact that a discount was warranted, in an amount very close to the Trustee's first offer, is clear from the Opinion.  The Liquidating Trust should not be substantially deprived of the benefits of the reduction ordered by the Court because HBD unnecessarily chose to litigate rather than negotiate.  In In re Net 2000 Communications, 2004 WL 2249487 at *4 2004 Bankr. Lexis 15159 at *10 (Bankr. D. Del 9/17/04) (Exhibit "C" hereto) this Court

disallowed as unnecessary fees of the debtor's counsel incurred in litigation which need not have

been brought.  HBD's Supplemental Application is on the same footing.  The services rendered

were not necessary and should not have been performed.

   For the foregoing reasons, HBD's Supplemental Application should be denied, and the

Trustee's motion to compel disgorgement should be granted.

Dated: February 1, 2005        KLEHR, HARRISON, HARVEY,
    Wilmington, Delaware      BRANZBURG & ELLERS, LLP

              Steven K. Kortanek (#3106)
              919 N. Market Street, Suite 1000
              Wilmington, DE 19801
              (302) 426-1189 (t)
              (302) 426-9193 (f)

              - and -

              WOLLMUTH MAHER & DEUTSCH
              Paul R. DeFilippo
              One Gateway Center, 9th Floor
              Newark, New Jersey
              (973) 733-9200

              Counsel for Goldin Associates, L.L.C.,
              Liquidating Trustee of the Worldwide Direct
              Liquidating Trust