UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| WORLDWIDE DIRECT, INC., et al., | ) | Case Nos. 99-108 to -127 (MFW) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## DECLARATION OF LINDA A. KONTOS

I, Linda A. Kontos, hereby declare that:

1. I am an associate at Hennigan, Bennett & Dorman ("HBD"), former counsel for the Debtors in the above captioned case. I am an attorney at law admitted to practice before all courts of the State of California and was admitted pro hac vice on behalf of the Debtors in the case entitled In Re Worldwide Direct, Inc., et al., Case Nos. 99-00108 (MFW) through 99-00127 (MFW) in the United States Bankruptcy Court for the District of Delaware. I submit this declaration in support of "Reply of Hennigan, Bennett & Dorman to the Liquidating Trust's Objection to the Final Fee Application" (the "Reply"). I have personal knowledge of the following facts and, if called and sworn as a witness, I would and could competently testify thereto.

### Temporary Personnel

2. During HBD's representation of the Debtors in the above referenced action, I had responsibility for the day-to-day aspects of the Debtors' document management and review efforts, including supervision of the temporary attorneys and temporary paralegals hired by HBD to assist with the document review and management project.

3. The temporary personnel recorded their time spent working on matters relating to the Debtor on a daily basis. Based upon the work performed on that particular day, HBD assigned one of a number of applicable narrative descriptions to the work by the particular time keeper at issue,

and those time entries and descriptions then appeared for each individual timekeeper in HBD's invoices.

4. The temporary paralegals and temporary attorneys were hired primarily to help manage and review the large volume of the Debtors' documents, and their time descriptions reflect the activities that they performed. Since the temporary attorneys generally performed the same tasks, i.e., the review of hundreds of thousands of pages of the Debtors' documents, the descriptions for the temporary personnel's activities did not vary greatly because the work performed by the temporary personnel was repetitive.

5. For consistency and clarity, we ensured that the general descriptions of the same work were similar. This appears to be the exact same procedure followed by the Committee's counsel with respect to its temporary personnel, whose numerous time entries seem to be identical in almost every instance. A true and correct copy of the final fee application filed by Munsch, Hardt, Kopf & Harr is attached to the Appendix as Exhibit 16.

### The Liquidating Trust's Refusal to Grant a One Week Extension

6. On Wednesday, March 13, 2002, I called Brendan Langendorfer at Gibbons, Del Deo, counsel to the Liquidating Trustee, to request a one week extension of time to respond to the Liquidating Trustee's Supplemental Objection. I requested the extension from March 15, 2002, until March 22, 2002.

7. I requested the extension because a situation had arisen on another one of HBD's cases that required the immediate attention of Jim Johnston and Laura Lindgren, the two partners at HBD primarily responsible for preparing HBD's Reply papers.

8. We believed that the limited extension would not prejudice the Liquidating Trustee in any manner, particularly since this Court had recently ordered that the hearing on HBD's Final Fee Application be held on May 16, 2002, two months from now.

9. Later that day, Mr. Langendorfer left me a voice mail message informing me that his client had refused to grant HBD a one week extension unless HBD agreed to permit the Liquidating Trustee to file with the Court a response, i.e., a surreply, to HBD's Reply. Since the Liquidator had already filed <u>two</u> briefs with respect to this motion, and HBD had only two weeks in which to file its

only brief, we could not agree to allow the Liquidator to file a <u>third</u> brief.

10. On March 14, 2002, I received a letter from a partner at Mr. Langendorfer's firm, "confirming that no extension has been granted." A true and correct copy of the letter from Ms. Kardos to me dated March 14, 2002, is attached to the Appendix as Exhibit 26.

11. The Amended Stipulated Order signed by this Court on February 28, 2002, that establishes the discovery and briefing schedule relating to HBD's Final Fee Application does not provide for the Liquidating Trustee to file any response to HBD's Reply papers.

12. Accordingly, HBD requests that this Court prohibit any additional briefing by the Liquidating Trustee relating to HBD's Final Fee Application, including any response that the Liquidating Trustee may attempt to file to the Reply.

13. True and correct copies of the documents listed in the accompanying Appendix of Exhibits are attached thereto.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Executed this 15th day of March, 2002, at Los Angeles, California.

Linda A. Kontos