IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| WORLDWIDE DIRECT INC., et al., | ) | Bank. No. 99-108 to 99-107 MFW |
| | ) | |
| Debtors. | ) | |
| | ) | |
| HENNIGAN BENNETT & DORMAN LLP, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-206-KAJ |
| | ) | |
| GOLDIN ASSOCIATES L.L.C. (Liquidating Trustee) for the Worldwide Direct Liquidating Trust. | ) | |
| | ) | |
| Appellee. | ) | |

**MEMORANDUM OPINION**

---

Robert S. Brady, Esq., Young Conaway Stargatt & Taylor LLP, 1000 West Street - 17th Fl., Wilmington, Delaware 19801; Counsel for Appellant.
Of Counsel: James O. Johnston, Jr., Esq., Hennigan, Bennett & Dorman LLP 601 S. Figueroa Street - #3300, Los Angeles, California 90017

Steven K. Kortanek, Esq., Michael W. Yurkewicz, Esq., Klehr, Harrison, Harvey, Branzburg & Ellers, LLP, 919 Market Street - #1000, Wilmington, Delaware 19801; Counsel for Appellee.
Of Counsel: Paul R. DeFilippo, Esq., Wollmuth Maher & Deutsch LLP 500 Fifth Avenue, New York, New York 10110

---

November 16, 2005
Wilmington, Delaware



JORDAN, District Judge

This is an appeal of a ruling from the Bankruptcy Court denying the supplemental fee application of Hennigan Bennett & Dorman, LLP ("HBD"). For the reasons that follow, the ruling of the Bankruptcy Court is overruled and the case is remanded for proceedings consistent with this Opinion.

I. BACKGROUND

The background of this matter is straightforward. The debtors filed for relief under Chapter 11 of the Bankruptcy Code in January of 1999 (Br. Docket No. 1)[1], and an order retaining HBD as debtors' counsel was entered that same month. (Br. Docket No. 8.) The confirmation of the Chapter 11 Plan occurred on June 7, 2001, with an effective date of June 30, 2001. (Br. Docket No. 2325; D.I. 12 at 4.) On August 14th, HBD filed a "Sixth and Final Verified Application for Allowance of Compensation and for Reimbursement of Expenses" (Br. Docket No. 2441; the "Final Fee Application"), in which it sought $5,872,609.90 in fees and reimbursement of $1,042,422.46 in expenses. The debtors' trustee (the "Trustee") sent HBD a letter on October 1, 2001, in effect demanding a 7% across the board reduction in the sums sought for reimbursement in the Final Fee Application. (D.I. 12 at 5.) By the Trustee's own admission it made "similar offers to all of the other professionals in the case ... ." (*Id.*) HBD rejected the Trustee's demand, and so, on December 3, 2001, the Trustee filed an objection to the Final Fee Application, which objection it supplemented on March 1,

---

[1]The references to "Br. Docket No. _" are to docket numbers in the bankruptcy case. References of "D.I. _" are to docket items filed in this court.

2002. (Br. Docket No. 2549; Br. Docket No. 2650.) HBD responded to the objection, and there followed discovery and hearings before the Bankruptcy Court. (D.I. 12 at 5-6.) Ultimately the Bankruptcy Court granted some portion of the Trustee's objection and reduced HBD's fees by $380,250.21. (Br. Docket No. 3258.) At the end of the day, however, HBD received approximately 95% of its Final Fee Application and 86% of the amounts to which the Trustee had objected. (D.I. 10 at 3.)

HBD then sought reimbursement "of a like percentage of its fees and expenses incurred in defense of the objection." (*Id.*) The Bankruptcy Court held a hearing on the matter and denied HBD's supplemental application, stating that, although the Trustee's objection "did not have a sound basis in fact" (D.I. 11 at Appendix ["Ap."] 3308, pg. 22), the fees sought in the supplemental application would nevertheless not be awarded because "the benefit by responding to [fee] objections is for the benefit of the professional, not the estate." (*Id.*) That is the ruling on appeal.

## II. STANDARD OF REVIEW

The parties disagree about the appropriate standard of review here. HBD argues that the Bankruptcy Court's order is subject to *de novo* review. More particularly, HBD argues that the Bankruptcy Court did not decide to deny the supplemental fee request based on any assessment of the fees as a factual matter. For example, the Bankruptcy Court did not determine that rates were inappropriate, the case was overstaffed, or services rendered were somehow unnecessary. On the contrary, HBD argues, the Bankruptcy Court indicated it was making a ruling of law when it noted, "I disagree with the courts that say, excepting extraordinary circumstances, that a professional would be entitled to compensation for fees incurred

in objecting – excuse me, in responding to objections to fees they have requested. I think that the benefit by responding to those objections is for the benefit of the professional, not the estate. And I think *a rule* to that extent, would not be appropriate." (D.I. 11 at Ap. 3308, pg. 22; emphasis added.)

The Trustee, on the other hand, argues that the Bankruptcy Court's determination is a typical decision on fees and is therefore within the discretion of the Bankruptcy Court and subject only to review for abuse of that discretion. (D.I. 12 at 2.)

I agree with HBD that this was not a fee award decision based on a review of the record, such as one sees in the precedents cited by the Trustee. Rather, the Bankruptcy Court simply stated as a matter of "rule", or as a point of law, that it would not be appropriate to award fees incurred by a firm in defending an earlier fee request. That is indeed an issue of law and, therefore, is subject to *de novo* review. *See In re Nucorp Energy, Inc.*, 764 F.2d 655, 65p (9th Cir 1985) (stating that denying counsel fees associated with preparation of fee applications would be "inconsistent with the express policy of the Bankruptcy Reform Act" and would "ignore the direct mandate of section 330(a) that reasonable compensation be provided for all 'actual, necessary' services rendered by bankruptcy counsel").

III. DISCUSSION

Several courts have held that fees incurred in successfully defending against objections to an earlier fee application are compensable. Most notably, the United States Court of Appeals for the Ninth Circuit has held that "[f]ailure to grant fees for successfully defending challenges to an authorized fee application would dilute fee awards, in violation of Section 330(a), and this would reduce the effective

compensation of bankruptcy attorneys to levels below the compensation available to attorneys generally." *Smith v. Edwards & Hale Ltd. (In re Smith)*, 317 F.3d 918, 928 (9th Cir. 2002). Several lower court decisions are to the same effect. *See, e.g., In re On Tour LLC*, 276 Br. 407, 418 (Bankr. D. Md. 2002) ("bankruptcy counsel should be compensated for preparing and defending fee applications"); *In re Computer Learning Centers Inc.*, 285 Br. 191, 224 (Bankr. E.D. Va. 2002) ("the Congressional objective of compensating professionals the same whether they are engaged in a bankruptcy case or in a non-bankruptcy matter [is] furthered by allowing additional fees to successfully present, prosecute or defend a fee application in appropriate circumstances"); *Sloan v. Hoffman (in re Chavez)*, 157 B.R. 30, 33 (d. Colo. 1993) (without an award of fees incurred in defending a fee application, "the Trustee's compensation for his services would be diluted or dissipated, and he would have effectively financed the litigation"); *In re Hutter Constr. Co.*, 126 B.R. 1005, 1013 (Bankr. E.D. Wis. 1991) ("attorneys are entitled to be compensated for the time spent in defending fee applications, if the attorneys are successful in the defense").

According to the United States Court of Appeals for the Third Circuit, the unambiguous policy inspiring Section 330(a), "... is that professionals and para-professionals in bankruptcy cases should earn the same income as their non-bankruptcy counterparts." *In re Busy Beaver Building Centers Inc.*, 19 F.3d 833, 849 (3d Cir. 1994). That policy cannot be vindicated through the rule expressed by the Bankruptcy Court in this case. If compensation is not permitted for fees incurred in defending a fee application, "creditors could negotiate reductions in these fee awards

knowing full well that the attorney is in a no-win situation. Even if the attorney prevails, he or she will in effect have financed the litigation without any hope of surviving it whole." *Big Rivers Electric Corp. v. Schilling (In re Big Rivers Electric Corp.)*, 252 Br. 670, 675 (W.D. Ky. 2000) (quotation omitted).

The Third Circuit has directly held that "if attorneys are required to litigate for their fees but are not compensated for the time spent on such litigation, their effective rates will be reduced correspondingly." *Pawlak v. Greenawalt*, 713 F.2d 972, 983 (3d Cir. 1983). While that is a holding outside the bankruptcy context, the logic is of equal force here, particularly in light of the instruction by the Third Circuit in *In re Busy Beaver* that bankruptcy counsel are to earn the "same income as their non-bankruptcy counterparts." 19 F.3d at 849.

The unpersuasive rebuttal that the Trustee advances is that HBD failed to demonstrate that the services noted in the supplemental fee petition satisfy the requirements of Section 330 because they were not undertaken for the benefit of the estate. (D.I. 12 at 10.) If that argument is meant to say that, because the professional benefits, the estate does not, then it proves too much. By definition, every fee petition is for the benefit of the petitioning professional. It is not that the professional benefits that is of consequence; what matters is whether the professional's obtaining of reasonable compensation is also a benefit to the estate. As several citations already provided demonstrate, it has been emphatically determined by the numerous courts that have addressed the issue that reasonable compensation for professionals is a benefit to the estate. I agree with those decisions.

If, however, the "no benefit to the estate" argument by the Trustee is based on the premise that there is no longer an estate to benefit – a contention pressed by counsel during oral argument but nowhere evident in the Bankruptcy Court's reasoning – then the answer is that this dispute, like other post-confirmation disputes, must be dealt with as part of the administration of the case. Section 330(a)(4)(ii)(II) expressly allows compensation for services "necessary to the administration of the case." This is such a dispute. Indeed, section 330 anticipates post-confirmation fee applications when it speaks of "compensation awarded for the preparation of a fee application," 11 U.S.C. §330(a)(6), a process regularly undertaken after confirmation.

To uphold the Bankruptcy Court's approach would be to provide an unhealthy incentive for persons opposed to professional fees to mount spurious objections as a means of extracting fee reductions, rather than because the work done for the estate was genuinely not for the benefit of the estate. In other words, requiring counsel who has successfully defended a fee claim to bear the costs of that defense is no different than cutting counsel's rate or denying compensability on an earlier fee application. The economic effect is precisely contrary to the Third Circuit's instruction that bankruptcy professionals are to stand on an equal footing with their non-bankruptcy counterparts.

## IV. CONCLUSION

Based on the foregoing reasons and authorities, the ruling of the Bankruptcy Court is hereby overruled and the case is remanded for proceedings consistent with this Opinion. An appropriate order will issue.